OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the judgment entry of the Portage County Common Pleas Court, in which defendant-appellee, Laura Schmucker's Motion to Suppress was granted. For the following reasons, we reverse the decision and remand the case to the court below for further proceedings consistent with this Opinion. *Page 2 
 {¶ 2} On July 28, 2007, Laura Schmucker was operating her vehicle southbound on South Street in the Village of Garrettsville, Portage County, Ohio, at approximately 7:09 p.m. Patrolman Phillip Dick observed Schmucker operating her vehicle and upon passing her, he noticed that the vehicle's rear license plate was different from the front plate. Schmucker had a temporary license placard affixed to the rear of her vehicle and a metal license plate, with a different license number, attached to the front. Patrolman Dick then stopped Schmucker's vehicle to investigate.
 {¶ 3} When Patrolman Dick asked for her driver's license and registration, Schmucker stated she did not have her driver's license; however, she provided Dick with paperwork indicating that her license was suspended and she had occupational driving privileges. Patrolman Dick phoned dispatch to confirm if she was in fact driving to or from her job; however, he discovered she was not scheduled to work that day. In addition, her privileges were Monday through Friday from 6:30 a.m. to 4:30 p.m.; she was pulled over on a Saturday evening. Schmucker indicated to Patrolman Dick she was aware she should not be driving; nevertheless, she needed to purchase a pack of cigarettes. Patrolman Dick then placed Schmucker in the back of his vehicle, inventoried her car, and requested a tow truck. While taking inventory of Schmucker's car, Patrolman Dick found a bottle inside Schmucker's purse marked "heartburn relief". Inside the bottle were five pills marked with the number 512. The pills were later identified as Percocet.
 {¶ 4} Patrolman Dick went back to his cruiser, read Schmucker her Miranda rights, and asked her if she had a prescription for the pills. Schmucker admitted she did not have a prescription and revealed she had purchased the pills at an undisclosed *Page 3 
location for $10 per pill. Schmucker's vehicle was towed and impounded and Schmucker was transported to the police station.
 {¶ 5} On January 4, 2008, the Portage County Grand Jury indicted Schmucker on Aggravated Possession of Drugs in violation of R.C. 2925.11. Schmucker pled not guilty and moved the trial court to suppress evidence from her July 28, 2007 traffic stop.
 {¶ 6} On March 10, 2008, a hearing on the Motion to Suppress was held. The court, upon hearing testimony and having evidence presented, granted Schmucker's motion on March 12, 2008. On March 17, 2008, the State filed a notice of appeal, prosecutor's certification, and Motion to Stay the Execution of the Trial Court's March 12, 2008 Judgment Entry. The trial court granted the State's motion to stay pending this appeal
 {¶ 7} The State of Ohio timely appeals and raises the following assignments of error:
 {¶ 8} "[1.] Having lost her motion to suppress regarding the issue of reasonable suspicion to stop and probable cause to arrest in her Municipal Court case, Schmucker was estopped from again raising the identical issues in another motion to suppress in her Common Pleas Court case that arose from the same traffic stop.
 {¶ 9} "[2]. Assuming arguendo that collateral estoppel does not bar relitigation of Schmucker's suppression issues, this Court's de novo review of the law using the transcript of proceedings from the suppression hearing will establish that the trial court erred in granting Schmucker's motion to suppress."
 {¶ 10} Prior to her March 10, 2008 hearing on the Motion to Suppress in the common pleas court, Schmucker moved to suppress evidence from a traffic stop, the *Page 4 
same stop that gave rise to the issues in this appeal, in municipal court. On November 15, 2007, the municipal court heard testimony from Patrolman Dick indicating he had stopped Schmucker because she had two different plates on her car and he wanted to further investigate. Upon additional investigation, Patrolman Dick discovered Schmucker was driving under suspension from a previous conviction of Operating a Vehicle while Intoxicated. Patrolman Dick additionally discovered Schmucker was not driving in accordance with her limited driving privileges.
 {¶ 11} Schmucker relied on the reasoning set forth in State v.Chatton (1984), 11 Ohio St.3d 59, as the basis for her motion to suppress. The court in Chatton held that when an officer approaches a vehicle and observes a valid temporary license plate, the driver may not be further detained to determine the validity of the defendant's license. Id. at 63. The municipal court held that Chatton can be distinguished from the instant case because Schmucker's vehicle displayed two different license plates. Thus, the municipal court, unlike the holding in the common pleas court, overruled Schmucker's Motion to Suppress, finding Patrolman Dick had reasonable suspicion to stop and detain Schmucker.
 {¶ 12} The doctrine of res judicata involves both claim preclusion and issue preclusion, known as collateral estoppel. Grava v. ParkmanTwp., 73 Ohio St.3d 379, 381, 1995-Ohio-331. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party."Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, citing Norwood v.McDonald (1943), 142 Ohio St. 299, paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been `actually and necessarily litigated and *Page 5 
determined in a prior action.'" Id., quoting Goodson v. McDonough PowerEquip., Inc. (1983), 2 Ohio St.3d 193, 195.
 {¶ 13} The State claims the common pleas decision granting Schmucker's Motion to Suppress is barred by the doctrine of collateral estoppel. Further, the State believes that the trial court's decision should be reversed and remanded with instructions that the trial court is bound by the November 14, 2007 decision of the municipal court denying Schmucker's Motion to Suppress. We disagree.
 {¶ 14} Rule 8(C) of the Ohio Rules of Civil Procedure mandates that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * and any other matter constituting an avoidance or affirmative defense." Civ. R. 8(C). "To render a former judgment an absolute bar to a subsequent suit embracing the same matter in controversy, the former judgment must be specially pleaded and proved. A failure or neglect to so plead and prove such former adjudication constitutes a waiver of the defense of res judicata."Norwood, 142 Ohio St. 299, at paragraph seven of the syllabus, reversed, in part, on other grounds by Grava, 73 Ohio St.3d 379.
 {¶ 15} The general rule is "that an appellate court will not consider any error which counsel * * * could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, at paragraph three of the syllabus (citation omitted).
 {¶ 16} The defense of res judicata is an affirmative defense which must be raised at the trial court or waived. The first Motion to Suppress, filed in the municipal court, was overruled on November 14, 2007, four months before the Motion to Suppress was filed in the common pleas court. In the instant case, in the common pleas court, the *Page 6 
State neither filed a written motion in opposition to Schmuckers's motion nor objected to the granting of Schmucker's motion on the basis of res judicata. Therefore, the State is precluded from raising collateral estoppel as an issue in this Court. Because the appellant failed to raise the affirmative defense in common pleas court, the issue of res judicata was waived.
 {¶ 17} The State's first assignment of error is without merit.
 {¶ 18} In the State's second assignment of error, the State claims that the trial court erred in granting Schmucker's Motion to Suppress. The State also maintains that Patrolman Dick had reasonable articulable suspicion to stop Schmucker's vehicle. We agree.
 {¶ 19} "At a hearing on a motion to suppress, the trial court functions as the trier of fact, and, therefore, is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of any witnesses." State v. Molek, 11th Dist. No. 2001-P-0147, 2002-Ohio-7159, at ¶ 24, citing State v. Mills (1992),62 Ohio St.3d 357, 366. "The court of appeals is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence."State v. Hines, 11th Dist. No. 2004-L-066, 2005-Ohio-4208, at ¶ 14
(citation omitted). When ruling on a motion to suppress, we give due deference to the trial court's assignment of weight and inferences drawn from the evidence. State v. Perl, 11th Dist. No. 2006-L-082,2006-Ohio-6100, at ¶ 9 (citation omitted). "Accepting the trial court's determination of the factual issues, the court of appeals must conduct a de novo review of the trial court's application of the law to those facts." Hines, 2005-Ohio-4208, at ¶ 14 (citations omitted). *Page 7 
 {¶ 20} A police officer may stop an individual if the officer has a reasonable suspicion, based on specific and articulable facts that criminal behavior has occurred or is imminent. Terry v. Ohio (1968),392 U.S. 1, 21. Moreover, detention of a motorist is reasonable when there exists probable cause to believe a crime, including a traffic violation, has been committed. Whren v. United States (1996), 517 U.S. 806, 810.
 {¶ 21} Patrolman Dick testified that he "was traveling northbound on South Street and [he] observed a vehicle traveling southbound * * * with a hard plate on the front of the vehicle and a thirty-day temporary tag on the rear of the vehicle. [He] turned around and stopped the vehicle to see the difference between the registrations." He then approached the vehicle, asked for Schmucker's driver's license, which she could not produce, and then ran both plates.
 {¶ 22} A reviewing court must examine the totality of the circumstances surrounding the stop as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991), 57 Ohio St.3d 86,87-88. "The court reviewing the officer's actions must give due deference to the officer's experience and training, and view the evidence as it would be understood by those in law enforcement."State v. Teter, 11th Dist. No. 99-A-0073, 2000 Ohio App. LEXIS 4656, at *8 (citations omitted).
 {¶ 23} R.C. 4549.08 is Ohio's statute on the use of authorized plates. It provides that "[n]o person shall operate or drive a motor vehicle upon the public roads and highways in this state if it displays a license plate or a distinctive number or identification mark that * * * [i]s fictitious; [i]s a counterfeit or an unlawfully made copy of any distinctive number or identification mark;" or "[b]elongs to another motor vehicle". *Page 8 
 {¶ 24} In the present case, when Patrolman Dick observed Schmucker's vehicle, he saw a metal license plate on the front of the car, and as the vehicle passed him, he noticed that there was a different temporary placard license on the rear of the car. The only reasonable inference from Patrolman Dick's observation of two different license plates was that one of the plates was invalid. When viewing the stop through the eyes of a reasonable and prudent police officer, it was appropriate to make the stop.
 {¶ 25} In Bowling Green v. Godwin, 110 Ohio St.3d 58, 2006-Ohio-3563, the court explained "the fact that appellee could not be convicted of failure to obey a traffic-control device is not determinative of whether the officer acted reasonably in stopping and citing him for that offense. Probable cause does not require the officer to correctly predict that a conviction will result." Id. at ¶ 15. The court based its decision on the analysis from United States v. Wallace (C.A.9, 2000),213 F.3d 1216, 1220, reasoning that "[w]e agree with the sentiment expressed in a federal case involving an officer who stopped a vehicle based on the mistaken belief that the windows were tinted darker than the law permitted. The court observed that the officer `was not taking the bar exam. The issue is not how well [the officer] understood California's window tinting laws, but whether he had objective, probable cause to believe that these windows were, in fact, in violation.'" Id. at ¶ 15.
 {¶ 26} In State v. Walters, 12th Dist. No. CA2004-04-043, 2005-Ohio-418, an officer effectuated a stop for a violation of a "No Left Turn" sign which subsequently became an arrest for DUI. Id. at ¶ 2. The sign did not conform to the Ohio Manual of Uniform Traffic Control Devices as required by R.C. 4511.11 and, therefore, there was no actual violation of the law. On this basis, the trial court suppressed the evidence *Page 9 
obtained during the stop. Id. at ¶ 3. The court of appeals reversed, emphasizing that the proper test is not whether a traffic violation had occurred, but whether the officer's belief that a violation had occurred is objectively reasonable. Id. at ¶ 10.
 {¶ 27} Consequently, the issue in the present case is not whether Patrolman Dick understood the subtleties of license display law, but whether he reasonably believed that the law had been violated.
 {¶ 28} Additionally, we can infer a reasonable articulable suspicion to stop Schmucker's vehicle for improper display of license plates. R.C. 4503.21 controls the display of license plates or temporary placards. It provides two options for display. The first option mandates that the "owner or operator of a motor vehicle" is in violation if he or she "fail[s] to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark". R.C. 4503.21(A). The second option is for a person who has been issued a temporary license placard. The statute provides that "no operator of that motor vehicle, shall fail to display the temporary license placard in plain view from the rear of the vehicle". R.C. 4503.21(A).
 {¶ 29} Schmucker had two different types of plates, a permanent metal license on the front and a temporary placard on the rear of her vehicle. She was not accurately following either of the options for display that R.C 4503.21 mandates. Accordingly, we find that Patrolman Dick had a reasonable articulable suspicion that an offense had been or was being committed and made a valid investigatory stop.
 {¶ 30} Additionally, the record supports a finding thatChatton, which held that "where a police officer stops a motor vehicle which displays neither front nor rear license plates, but upon approaching the stopped vehicle observes a temporary tag *Page 10 
which is visible from the rear windshield, the driver * * * may not be detained further * * * absent some specific and articulable facts that the detention was reasonable" is distinguishable from the present case.Chatton, 11 Ohio St.3d at 63.
 {¶ 31} Unlike Chatton, Schmucker had a front license plate, which upon further investigation was found to be invalid, and a temporary license placard on the rear, with a completely different number than the front plate. Patrolman Dick did not run either license plate number prior to stopping Schmucker's vehicle. Thus, even after Patrolman Dick approached her vehicle, there was still suspicion that an offense had been or was being committed because of the two different plates. This is different from Chatton, where the suspicion had been dispelled after the officer approached the vehicle and discovered the valid temporary placard. Patrolman Dick's detention of Schmucker for the purpose of dispelling the suspicion was proper.
 {¶ 32} Assuming arguendo, that Schmucker did not explicitly violate a statute, based on the fact that Schumucker had two different license plates on her car, Patrolman Dick still had probable cause to make the stop. "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, innocent behavior frequently will provide the basis for a showing of probable cause; to require otherwise would be tosub silentio impose a drastically more rigorous definition of probable cause than the security of our citizens' demands." Illinois v.Gates (1983), 462 U.S. 213, 245 fn. 13.
 {¶ 33} Since Patrolman Dick had reasonable suspicion to effectuate a stop, his further detention of Schmucker to dispel the suspicion was proper. The resulting arrest *Page 11 
for Driving Under Suspension and inventory search yielding the drugs were proper as well.
 {¶ 34} The State's second assignment of error is with merit.
 {¶ 35} For the foregoing reasons, the Judgment Entry of the Portage County Common Pleas Court, granting Schmucker's Motion to Suppress is reversed and remanded to the trial court for further proceedings consistent with this Opinion. Costs to be taxed against appellee.
MARY JANE TRAPP, J., concurs in judgment only with a Concurring Opinion. COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.